DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

_____
                                                                  )
**PATRICK TYSON,**                                  )
                                                                  )
                 **Plaintiff,**              )
                                                                  )
         v.                                      )
                                                                  )
**DONALD SAMUEL a/k/a DONNELL SAMUEL** )     Civil Action No. 2011-050
**in his Official capacity, and GOVERNMENT**  )
**OF THE VIRGIN ISLANDS,**                  )
                                                                  )
                 **Defendants.**          )
_____)

**Attorneys:**
**Emile A. Henderson III, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Erika M. Scott, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendants Government of the Virgin Islands ("Government") and Donald Samuel's "Motion to Dismiss" (Dkt. No. 7). Because the applicable statute of limitations bars Plaintiff's federal claim, and the Court will not exercise supplemental jurisdiction over the local claims, the Court will grant the Motion and dismiss Plaintiff's Complaint (Dkt. No. 1).

### I. BACKGROUND

Plaintiff alleges that on May 13, 2008 he was a customer at Friday's Bar on St. Croix, Virgin Islands. (Dkt. No. 1, ¶ 8). While at the bar, Plaintiff states that he got into a physical

altercation with another customer who was subsequently removed from the premises. Plaintiff further alleges that, after the altercation, Defendant Samuel—after having identified himself as a police officer—entered the bar and proceeded to assault him. (Dkt. No. 1, ¶¶ 9-13). Plaintiff states that he was then detained by Defendant Samuel and two other officers, who drove him to the hospital where x-rays confirmed multiple fractures to his jaw and other facial bones. (Dkt. No. 1, ¶¶ 14-18)

Plaintiff brought suit nearly three years later, on May 11, 2011. In Count I of the Complaint—brought pursuant to 42 U.S.C. § 1983—Plaintiff alleges that Defendant Samuel's conduct violated his constitutional right to be free from an unreasonable seizure. (Dkt. No. 1, ¶¶ 21-23). Counts II-V of Plaintiff's Complaint allege assault, negligence, and intentional and negligent infliction of emotional distress—all local tort claims. (Dkt. No. 1, ¶¶ 27-43). Plaintiff seeks compensatory and punitive damages for the harm suffered, as well as fees and costs incurred in the litigation.

Defendants filed the instant Motion in lieu of an Answer, contending that the statute of limitations applicable to Plaintiff's claims is two years, and thus dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate. (Dkt. No. 8). Plaintiff opposed the Motion, arguing that the statutes applicable to his claims mandate a three-year limitations period, and thus the Motion should be denied. (Dkt. No. 11).

The Court finds that Plaintiff's § 1983 claim is barred by the two-year statute of limitations set forth in 5 V.I.C. § 31(5), and thus Plaintiff has failed to state a claim upon which relief can be granted as to that claim. With the dismissal of the federal claim, the Court declines to exercise jurisdiction over the local claims in the absence of a claim conferring federal question jurisdiction. Accordingly the Complaint will be dismissed.

## II.  DISCUSSION

### A.  Applicable Legal Principles

In evaluating whether to grant a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure the Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  The Court construes the facts alleged in the light most favorable to the non-moving party, and then determines whether the plaintiff has a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

A statute of limitations defense may serve as the basis for a motion to dismiss brought under Rule 12(b)(6) where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U. S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975).  The Court looks to the timeframe set forth in the complaint to determine whether the statute of limitations has expired. *Cito v. Bridgewater Twp. Police Dep't.,* 892 F.2d 23, 25 (3d Cir.1989). Where it is apparent from the face of the complaint that relief is barred under the relevant statute of limitations, dismissal for failure to state a claim is the appropriate remedy. *See McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007).

Absent "extraordinary circumstances," a federal court "should not exercise supplemental jurisdiction over state law claims when the anchor federal claims are subject to dismissal under Rule 12(b)(6)." *Solomon v. Passaic Sch. Educ. Servs. Comm'n,* Civ. No. 04-5879, 2005 WL 2237632 (D.N.J. Sept. 13, 2005) (citing *Cito,* 892 F.2d at 26; *Tully v. Mott Supermarkets, Inc.,* 540 F.2d 187, 196-197 (3d Cir.1976)).  This is because "the primary justification for exercising pendent jurisdiction is missing if the substantial federal claim to which the state counts could be

appended is no longer viable." *Weaver v. Marine Bank*, 683 F.2d 744, 746 (3d Cir. 1982). Accordingly, if the sole federal claim is dismissed, the state claims should be dismissed as well. *Id.*; *see also Growth Horizons, Inc. v. Delaware Cnty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (declining to exercise supplemental jurisdiction appropriate if the court has dismissed all claims over which it has original jurisdiction).

### B. Analysis

The primary issue in the Motion to Dismiss is whether the two or three-year statute of limitations governs Plaintiff's § 1983 claim. (Dkt. Nos. 8, 11).[1] Plaintiff asserts that the applicable statute of limitations is found in 5 V.I.C. § 31(4)(A), which states that an action against a peace officer on a liability incurred while said officer was acting in his official capacity must be commenced within three years of the cause of action having accrued. (Dkt. No 11). Defendants maintain that the applicable statute of limitations is two years, as set forth in the section governing personal injury actions, 5 V.I.C. § 31(5)(A). (Dkt. Nos. 8, 12). Plaintiff's suit was commenced 2 years, 363 days after the accrual of his cause of action.[2]

Where Congress has not specified a statute of limitations for violation of a federal law, the "settled practice has been to adopt a local time limitation as federal law" where doing so does not conflict with other federal laws or policy. *Wilson v. Garcia,* 471 U.S. 261, 266-67 (1985). In addressing the time limitations for claims brought under § 1983, the Supreme Court held that courts should adopt the local personal injury statute of limitations. *Id.* at 272-73. If multiple

---

[1] Plaintiff concedes that Defendants are not subject to suit for money damages under § 1983, (Dkt. Nos. 8, 11), but contends that he should be allowed to amend the Complaint to seek injunctive relief. (Dkt. No. 11). The Court's determination that the § 1983 claim is barred by the applicable statute of limitations encompasses any and all relief sought under § 1983, including any proposed injunctive relief.

[2] It is well settled that "a section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (internal citation omitted). The parties here do not dispute that the cause of action accrued on May 13, 2008, the date of the alleged injury.

4

personal injury statutes exist, the trial court must apply the "general or residual personal injury statute of limitations." *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). Accordingly, the general personal injury statute of limitations for the Virgin Islands—codified at 5 V.I.C. § 31(5)—applies to Plaintiff's § 1983 claim, and the applicable limitations period is two years.[3]

This precedent notwithstanding, Plaintiff argues that, because Defendant Samuel is a police officer, the statute of limitations applicable to peace officers—rather than personal injury—applies to his § 1983 claim. (Dkt. No. 11). Plaintiff does not, however, offer any support for this proposition. The Third Circuit and this Court have previously addressed the question whether the two or three-year statute of limitations applies to § 1983 claims against Virgin Islands police officers, and have held that the two-year personal injury statute of limitations governs such suits. *Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir. 1989) ("caselaw thus instructs us to apply the Virgin Islands statute of limitations for personal injury actions to [plaintiff's] federal cause of action); *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 196 (3d Cir. 1984) (section 1983 claims against Virgin Islands police officers are to be analyzed under the two-year statute of limitations for personal injury actions); *Lockhart v. Gov't of Virgin Islands,* Civ. No. 05-125, 2009 WL 812266, *4 (D.V.I. Mar. 26, 2009). Plaintiff's argument must, therefore, be rejected.

In view of the foregoing, the Court finds that the statute of limitations applicable to Plaintiff's § 1983 claim is two years from the accrual of the cause of action. Because Plaintiff's § 1983 claim was filed over two years after its accrual, the claim is time-barred and must be

---

[3] Title 5 V.I.C. § 31(5)(A) provides in pertinent part that the time for commencement of an action is "two years for an action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated . . . ."

dismissed. With the dismissal of the sole federal claim, the Court declines to exercise supplemental jurisdiction over the local claims. Thus the local claims will be dismissed as well.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted, and Plaintiff's Complaint will be dismissed. An appropriate Order accompanies this Opinion.

Date: March 19, 2014 _____/s/_____
WILMA A. LEWIS
Chief Judge